**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed November 21, 2013.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-13-01005-CR**
**NO. 14-13-01006-CR**

**IN RE GARY WAYNE BRYAN, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**356th District Court**
**Hardin County, Texas**
**Trial Court Cause No. 19201 & 19537**

## MEMORANDUM OPINION

On November 8, 2013, relator Gary Wayne Bryan filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Abel Acosta, Clerk of the Texas Court of Criminal Appeals, to provide him with the trial record at no cost.

A court of appeals has the authority to issue writs of mandamus against a judge of a district or county court in the court of appeals' district and all writs necessary to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(b). The Clerk of the Texas Court of Criminal Appeals is not a judge of a district or county court, and relator has not shown that the issuance of a writ of mandamus is necessary to enforce our jurisdiction. Therefore, we have no authority to issue a writ of mandamus against the Clerk of the Texas Court of Criminal Appeals.

Relator also complains that the Honorable Steve Thomas of the 365th District Court of Hardin County has neither heard nor scheduled a hearing on his motion to provide him the trial record at no cost. Hardin County is not within our appellate district. Tex. Gov't Code Ann. § 22.201(o). Instead, Hardin County is within the Ninth Court of Appeals' district. *Id.* § 22.201(j). Because Hardin County is not in our appellate district, we have no authority to issue a writ of mandamus directed at the judge of the 365th District Court.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel Consists of Justices Christopher, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).